UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TAMESHA BOWENS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 21-10544-IT |
| | * |
| EDISON CROSS, | * |
| | * |
| Defendant. | * |

ORDER

May 17, 2021

TALWANI, D.J.

Before the court are several filings by *pro se* Plaintiff Tamesha Bowens. As set forth below, to the extent that Plaintiff seeks to initiate an action, her filings do not meet the requirements for pleading set forth in Fed. R. Civ. P. 8. To the extent that Plaintiff seeks to remove a state court action, she has failed to comply with the requirements for removal, and has failed to show subject matter jurisdiction in this court.

**I.   Background**

Bowens's first document [#1] is untitled. It includes a caption identifying Bowens as the plaintiff, Edison Cross as the defendant, and the case number as "19W0560." The body of this document consists of the following:

> Bowens Contempt of both probate and District order is schedule to be heard April 15, 2021.  This contempt Dates back from 12/2019 and will be heard April 15'2019 because the other parties defaulted 1/14/2021 and other unknown issues.

*Id.* (as in original).

Bowens also filed a Case Category Sheet [#1-1] in which she identifies two state court cases as related to her filing in this court: "1956R0825 (Quincy District Court) [and]

19W0560560WD." Id. The docket of the first case is not available online and the court has no further information concerning this case. The second case appears to be Bowens v. Cross, Case No. 19W0560WD (Norfolk Probate Ct., Mass.), available through www.masscourts.org (last visited May 11, 2021), in which Bowens is the plaintiff and Edison Cross is the defendant.

Bowen's later filed Motion [#4] identifies Edison Cross and three state judges as defendants. According to Bowen, her "goal is to have Case number 19W056D transfer into this court in hopes to restore faith in the judicial system." Id. She states that the matter concerns the Fourth, Fifth, and Seventh amendments. Bowen represents that she "has been threatened by all the above parties and threats deprived [her] of child." Id. Bowen further states that she and her child "have not been provided with relief and would like to request from the court to consolidate the case and provide both families with relief and equal protection of rights." Id.

## II.     Plaintiff Has Not Filed a Complaint

To the extent that Plaintiff is seeking to initiate a new action, her filings do not satisfy the general rules of pleading. A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. A complaint must contain "a short and plain statement of the ground for the court's jurisdiction"; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought. Fed. R. Civ. P. 8. Here, Plaintiff has not filed a complaint or other document sufficient to initiate an action.

## III.    Plaintiff Has Not Met the Requirements for Removal

To the extent that Plaintiff seeks to remove the state court actions to this court, Plaintiff's removal fails. Under the statute governing the removal of state case to a federal district court, only a defendant in a state action—not a plaintiff—may remove the action. See 28 U.S.C.

§ 1441(a). As the plaintiff in Bowens v. Cross, Case No. 19W0560WD, Bowens cannot remove that action to federal court.

In addition, Bowens has not identified, nor can the court discern, a basis for federal question subject matter jurisdiction over the claims raised in state court. A federal court has original subject matter jurisdiction over all civil actions "arising" under federal law. 28 U.S.C. 28 U.S.C. § 1331. With few exceptions not relevant here, a case "aris[es]" under federal law only when federal law creates the cause of action the plaintiff asserts in their complaint. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). Although Bowens has not provided the complaints in the two state court actions, her description of them does not suggest that they involve a federal claim.

Accordingly, for the reasons stated above, the court orders that this case be DISMISSED without prejudice for failing to file a complaint, and for lack removal and subject matter jurisdiction.

    IT IS SO ORDERED.

                                              /s/ Indira Talwani
                                              United States District Judge

May 17, 2021